## GEORGE WELLES *et al. versus* BOSTON INSURANCE COMPANY.

Insurance against fire was made on stock in trade, consisting of cutlery and jewelry, contained in a store. A fire happening in the neighbourhood, the insured, with the approbation of the insurer, procured blankets and spread them on the outside of the store, whereby the building and its contents were preserved, but the blankets were rendered worthless. *Held* that this loss was not covered by the policy, but that it was a subject of general average, to which the insurer and insured should contribute in proportion to the amount which they respectively had at risk in the store and its contents. *Held* also, that buildings in the neighbourhood which would have been endangered if the store had taken fire, and upon some of which the defendants had made insurance, were too remotely affected to be liable to contribution.

ASSUMPSIT on a policy of assurance, whereby the defend ants caused the plaintiffs to be assured 20,000 dollars on goods, being their stock in trade, contained in store No. 69 Washington street, Boston, against loss by fire, for the term of one year.

At the trial it appeared, that a fire took place within the year, *viz.* in November, 1825, in Court street, near which the store was situated, and that by means thereof the store and its contents were in great danger. The stock, consisting of valuable military implements and jewelry, and such articles as are usually comprehended in a jeweller's stock, was removed to places of security, and the loss and damage happening to it was adjusted and paid. While the fire raged, the store being in imminent danger and the heat so great as to render it hazard-ous to continue long in packing up and removing the goods, it was proposed by a witness, who was then aiding in the preser vation of the property, to procure blankets to spread on the outside of the store, where it was exposed to the flames. The president of the insurance company was there, and upon being asked by Welles his opinion of it, said if it was thought to be useful, he should like to have it tried. Whereupon a bale of blankets was procured by Welles, which being wet and hung out of the windows, were of essential service in stopping the progress of the flames, and in enabling the persons in the store to remove the goods. From the state of the weather and the course of the wind, it was considered by many persons pres

ent, that had this building taken fire, the flames would have been communicated to the old State-house, in State street, and that then the conflagration would have been very extensive. The defendants were largely engaged in insuring against fire, and at this time there was a subsisting policy for 30,000 dollars on a building near the State-house.

The cost of the blankets used for the above purpose was 93 dollars, and they were so nearly destroyed by the fire as to be wholly worthless. The plaintiffs paid for them, and demanded from the defendants an entire indemnity. The defendants contended, that if they were liable at all, it was only for the proportion which they had at risk upon the policy, taken in connexion with the store of which the plaintiffs had a lease for ten years, and the value of the stock over and above the sum insured upon it. The amount of the plaintiffs' stock at the time of the loss was stated by them at 35,000. The store was estimated to be worth 5000 and the lease 5000. On these data the defendants estimated their proportion of the loss by the blankets, and they brought into court, under the common rule, a sum of money exceeding such estimate.

If the defendants were right, in supposing that they were not liable for the loss, beyond a fair proportion calculated on the above principles, and in regard to the subjects of contribution, the plaintiffs were to become nonsuit; otherwise, &c.

In the policy it is provided, that the " company shall not be liable for more than the sum insured in any case whatever," ·— and that " in case of any loss, the same is to be paid without any deduction."

*Cooke*, for the plaintiffs. Supposing the blankets to have been a part of the stock insured, the plaintiffs' right to recover for the whole loss upon them cannot admit of a question. But if they were not, we contend that a fire policy is not the subject of apportionment like a marine policy. In the case of a sacrifice to prevent a marine loss, the master is the agent of all the parties interested; here there was no common agent. According to the authorities, all the interests benefited by the sacrifice must be brought into contribution. Phillips on Ins. 364. This is equitable and may be easily effected in the case

Welles
*v.*
Boston Ins.
Co.

*March 25th.*

of a loss at sea ; but here it is impracticable. The sum insured for the plaintiffs was trifling, in comparison with the whole amount which the defendants had at risk in the vicinity of the fire. In marine losses the master's lien affords a means of compelling contribution ; which is wanting in the case of a fire policy. No precedent is to be found, where the principle of average has been applied to insurance against fire, and the only dictum we have seen upon the subject is in our favor. Phillips, 375, note. From the very terms of this policy, there can be no average. The insurance is "against *all* loss or damage to the goods by fire, &c. provided that the company shall not be liable *for more than the sum insured*, in any case whatever ;" and the defendants have settled the loss on the jewelry accordingly. If however this is a case for an average, the plaintiffs must recover the whole loss, and the defendants are to obtain contribution from the several persons liable. *Maggrath* v. *Church*, 1 Caines's R. 215. But in case the plaintiffs shall recover only a proportion of the loss, they are entitled to a larger amount than the defendants have tendered. All persons having property which was endangered by the fire and saved by the precautionary measures in question, ought to bear a proportion of the expenses ; and if strangers cannot be brought in, there is at least no good reason why the defendants should not contribute for the whole amount which they had insured upon property in the neighbourhood of the fire.

*Loring*, for the defendants. The blankets were not carried to the store as a part of the stock, but for the express purpose of being exposed to the fire ; of course they were not insured by the policy. The only principle upon which the plaintiffs can recover any thing, is the one against which they contend, namely, that of general average. The case finds a consent on the part of the defendants, that the blankets should be procured, but that subjects them to no greater burden than would otherwise have been imposed upon them by the law. The principle is, that parties having a common interest in property, shall each sustain a fair proportion of a sacrifice made or expenses incurred in relation to it for the common benefit. This principle has time out of mind made a part of the law of marine insurance, and the reason of it applies with equal force to

policies against fire. The law of contribution by co-sureties is analogous ; which does not proceed on the ground of contract, for co-sureties contribute even where they execute distinct obligations, but upon a fixed principle of justice. *Deering* v. *Earl of Winchelsea*, 2 Bos. & Pul. 270. The objections raised are not to the rule itself, but to the mode of its application. It is said there was no common agent for these parties ; but this objection can have no weight, for the principals were present, and the sacrifice was made with their concurrent assent. It is also said that if an average is allowed, remote interests must be called upon to contribute. All that we contend for is, that where parties have by contract united their interests, they shall bear their respective proportions of an expense for their common benefit. Here the insurer and the insured have so united their interests ; and the same may be said of the owner of the store and the owner of the goods. But as it respects other persons, there was no intentional incurring of a common hazard. The fact that the defendants insured other property in the vicinity of this store, cannot affect the present case, for in respect to that, there was no community of contract between them and the plaintiffs. It is objected too, that there is no lien to compel contribution ; but an action like this, for money paid, furnishes an adequate remedy. The plaintiffs further say, that the defendants stipulate to pay *all* loss by fire, provided that they shall not in any case be liable for more than 20,000 dollars. But the loss in question is not within the policy ; and the object of the proviso was to prevent the insurers from being responsible beyond the sum mentioned, in case of successive fires. The decision in Caines is good law, but it does not apply, because the plaintiffs are a party liable to contribute. The defendants cannot pay them the whole expense, and then sue to recover back a proportion of it. The items which are liable to contribute are, goods insured, of the value of 20,000 dollars, goods not insured, of the value of 15,000, the lease, worth 5000, and the building, worth 5000 ; so that the defendants ought to bear only four ninths of the expense in controversy, but they do not object to paying one half.

*Per Curiam.* The defendants refuse to pay the whole of

186

16 *

　　　　　SUFFOLK AND NANTUCKET.

the loss on the blankets, on the ground that they were not included in the policy ; offering however to contribute in proportion to the interest which the parties respectively had at risk. The plaintiffs refuse to accept less than the whole, because they say that the blankets were part of their stock in trade. But there seems to be no foundation for this pretension.

The plaintiffs can claim then only on the ground of a sacrifice made by them for the preservation of the property endangered by the fire, and for a proportion of which sacrifice they are equitably if not legally entitled to recover. They contend however that this is not a case proper for contribution, it being customary on fire policies to pay the whole loss. We believe the practice to be as stated, but as the present claim is not within the contract, it certainly is reasonable th the plaintiffs should bear a proportion of the sacrifice made for the common benefit. This decision does not call in question the general principle, that a loss under a policy against fire is to be paid without contribution.

But it is said that the plaintiffs and the defendants are not the only parties who ought to contribute, since all the property in the neighbourhood, on some of which the defendants had underwritten, was protected by the expenses in question. But it will not do to take so wide a range in the application of the principle of contribution. All the buildings in the city may remotely have been protected, and it would be impossible to draw the line. It is necessary therefore to limit the contribution to the building, and the property therein, immediately saved. The money brought into court is sufficient to cover the defendants' proportion of the expenses, and the plaintiffs must be nonsuited.[1]

---

[1] See 2 Phillips on Ins. 228, 229; 3 Kent's Comm. (3d ed.) 375, 376.